UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DYLAN C. BOWERS,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:22-cv-00013 |
| **AUSTIN BODIE,** *et al.*, | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

Dylan C. Bowers, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Austin Bodie and Carla Joseph, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes

1

because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**II.    Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, since September 26, 2021, while in the custody of the Davidson County Sheriff's Office, Plaintiff has not received adequate out-of-cell recreation time due to inmate lockdowns. The complaint alleges that these lockdowns have been caused by a staff shortage. Specifically, Plaintiff receives approximately 45 minutes to 1.5 hours of out-of-cell recreation per day. According to Plaintiff, all inmates cannot use the telephone, shower, and recreate during this time. Plaintiff has developed "mental issues" as a result. (Doc. No. 1, Attach. 1 at 1).

The complaint also alleges that Plaintiff is provided only a "very small portion of cold food to the point that the amount of food would not fill up a small child." (Id.)

Further, the complaint alleges that inmates at this facility are not provided with a "full adequate law library to . . . help us with anything pertaining to litigations, fighting our cases, etc." (Id. at 2). Inmates only have access to LexisNexis. (Id.) Inmates are not permitted to order "law books" online. (Id.)

Finally, the complaint alleges that Plaintiff fears he will "end up in the 'hole'" due to filing this lawsuit because corrections officers retaliate against inmates "out of spite and revenge" when they file lawsuits. (Id.)

### IV. Analysis

The complaint names two Defendants: Austin Bodie, identified by the complaint as the "Administrator (Warden)" of the Davidson County Sheriff's Office, and Carla Joseph, identified by the complaint as "Administrator Assistance (Asst Warden)." Both Bodie and Joseph are sued in their individual capacities only. (Doc. No. 1 at 2).

3

### A. Eighth Amendment Claims

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). That is because "[t]he Eighth Amendment to the United States Constitution imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be 'barbarous,' nor may it contravene society's 'evolving standards of decency.'" McKissic v Barr, No. 1:20-cv-526, 2020 WL 3496432, at *3 (W.D. Mich. June 29, 2020) (quoting Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981); see also Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984). Under the Eighth Amendment, prison officials cannot engage in conduct that causes the "unnecessary and wanton infliction of pain." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (quoting Rhodes, 452 U.S. at 346).

To prevail on an Eighth Amendment claim, a prisoner must show that he or she faced a sufficiently serious risk to health or safety and that the defendant official acted with "'deliberate indifference' to [the prisoner's] health or safety." Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing Farmer, 511 U.S. at 834) (applying deliberate indifference standard to medical claims); see also Helling v. McKinney, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Deliberate indifference requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (citing Farmer, 511 U.S. at 837). The official must

4

have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. Farmer, 511 U.S. at 835, 839-40.

The complaint alleges that two conditions of Plaintiff's confinement in the Davidson County Sheriff's Office violate the Eighth Amendment.

### 1. Out-Of-Cell Recreation Time

First, the complaint alleges Plaintiff is not receiving adequate out-of-cell recreation time. According to the complaint, Plaintiff receives 45 minutes to 1.5 hours of out-of-cell recreation per day, and Plaintiff has developed "mental issues" due to the amount of time he must spend in his cell. (Doc. No. 1, Attach. 1 at 1).

The amount of exercise that a prisoner is provided need only comport with the "'minimal civilized measure of life's necessities.'" Walker v. Mintzes, 771 F.2d 920, 927 (6th Cir. 1985) (quoting Rhodes, 452 U.S. 337, 347 ); Jones v. Stine, 843 F. Supp. 1186, 1193 (W.D. Mich. 1994) (citing Walker, 771 F.2d at 927-28 (6th Cir. 1985)) (acknowledging that the Sixth Circuit, applying Supreme Court precedent, has recognized that outdoor recreation, in some undefined form and amount, is necessary for inmates' well-being).Therefore, a total denial of recreational opportunities may violate the Constitution. See Walker, 771 F.2d at 927-28; McNabb v. Long, No. 3:18-cv-0067, 2018 WL 2318342, at *4 (M.D. Tenn. May 22, 2018) (finding that prisoner-plaintiff stated a colorable Eighth Amendment claim when he alleged that jail has a policy of denying inmates all outdoor recreation and exercise). Although the Sixth Circuit has not defined a minimum standard for recreation for adult prisoners, in its opinion in Rodgers v. Jabe, 43 F.3d 1082, 1087-1088 (6th Cir. 1995), the Court suggested that an hour of exercise per day, five times a week, is the constitutional minimum for inmates who were otherwise confined to their cells for the entire day. Id. at 1087.

5

Here, Plaintiff's out-of-cell recreation time exceeds the constitutional minimum set forth by the Sixth Circuit. And the complaint does not allege facts showing that either Defendant acted with deliberate indifference in restricting Plaintiff's out-of-cell recreation time. In fact, Plaintiff acknowledges that staff shortages are responsible for the reduction in out-of-cell recreation time for Plaintiff. "[N]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey, 832 F.2d at 954. This allegation fails to state an Eighth Amendment claim.

### 2. Food Portions and Quality

With regard to Plaintiff's claims about the portion sizes and the quality of food served, , state officials are required to provide prisoners with "adequate food." Farmer, 511 U.S. 825, 832; Hudson, 468 U.S. 517, 526-27. "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" Wilson, 501 U.S. 294, 298. Thus, depriving an inmate of food, or serving him contaminated food, establishes grounds for a violation of the Eighth Amendment. Rhodes, 452 U.S 337, 348.

Here, the complaint does not allege that either Defendant played a role in the type or amount of food served to Plaintiff. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Miller v. Calhoun Cnty., 408 F.3d 803, 827 n.3 (6th Cir. 2005); Dunn v. Tenn., 697 F.2d 121, 128 (6th Cir. 1982). Because Plaintiff does not allege the personal involvement of Defendants Bodie and Joseph, Plaintiff has not established a basis for imposing individual liability on those Defendants. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012).

Even if Plaintiff had named the person or persons responsible for the portion size and quality of the food served to inmates, Plaintiff does not allege that he has suffered any harm as a

result of his diet. For example, he does not allege that he has lost significant weight while incarcerated or is suffering from any health problems as a result of the allegedly inadequate diet. As such, Plaintiff's food-based allegations fail to state an Eighth Amendment claim upon which relief can be granted.

### B. First Amendment Claims

Plaintiff's other claims allege First Amendment violations, and the Court will address those claims next.

#### 1. Law Library

The complaint alleges that inmates at the Davidson County Sheriff's Office are not provided with an adequate law library.

The law is well settled that a prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-23 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." Id. at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker, 771 F.2d 920, 931, or some alternative form of legal assistance, Procunier v. Martinez, 416 U.S. 396, 419 (1974) (overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. Bounds, 430 U.S. at 830-31. However, it is not enough for a plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, a plaintiff must show that a defendant's conduct in some

7

way prejudiced the filing or prosecution of a legal matter. Walker, 771 F.2d at 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

Here, Plaintiff has not alleged that he has been prejudiced in filing this lawsuit or has suffered any litigation-related detriment to either this case or another case due to the lack of an adequate law library. In this case Plaintiff submitted an eleven-page complaint with two attachments as well as an application to proceed as a pauper. Furthermore, Plaintiff acknowledges that inmates have access to a LexisNexis database; therefore, the complaint fails to allege that inmates lack access to any legal research materials. Because the Plaintiff has not shown that the facility lacks any legal research materials or that he sustained an actual injury in his efforts to litigate, he fails to state a claim for denial of his right of access to the courts. This claim will be dismissed.

### 2. Retaliation

Finally, the complaint alleges that Plaintiff fears he will "end up in the 'hole'" due to filing this lawsuit because corrections officers retaliate against inmates who file lawsuits "out of spite and revenge. (Doc. No 1 at 2).

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. Thaddeus-X v. Blatter, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. Id. at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing

other than de minimis harm resulting from it. See Ingraham v. Wright, 430 U.S. 651, 674 (1977); Thaddeus-X, 175 F.3d at 396. A plaintiff has the burden of proof on all elements. Murray v. Unknown Evert, 84 F. App'x 553, 556 (6th Cir. 2003).

Here, however, the complaint does not state a colorable retaliation claim under Section 1983. The complaint alleges only that Plaintiff fears he will be subject to retaliation. It does not allege that either Defendant took an adverse action against Plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct. Consequently, this claim, like the others, will be dismissed.

## V.     Conclusion

Having conducted the initial screening required by the PRLA, the Court finds that the complaint fails to state colorable claims under Section 1983 against either Defendant. Accordingly, this action will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE